UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MERLIN LKENT WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  23-00351 (UNA) |
| JACOB LEVITAN, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter, brought *pro se* by a Mississippi state prisoner, is before the Court on initial review of Plaintiff's Complaint, ECF. No. 1, transferred from the U.S. District Court for the Southern District of Mississippi, ECF No. 9 (Order).  A district court must immediately dismiss a prisoner's complaint against a governmental defendant upon determining that it, among other grounds, fails to state a claim upon which relief can be granted or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915A.  Both grounds apply in this case.

Plaintiff has sued an employee of the U.S. Supreme Court Clerk's Office for allegedly denying him access to the Court on November 17, 2022, and December 9, 2022.  Compl. at 2, 5. Claiming violations of the First Amendment, Plaintiff seeks injunctive relief and an "award" of "$100,000,000.00."  *Id*. at 4.  But the Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk," *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam), and "a lower court may [not] compel the Clerk of the Supreme Court to take any action," *id*.; *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action.").  In addition, "the Supreme Court Clerk and Clerk's office staff enjoy absolute immunity

from a lawsuit for money damages based upon decisions falling within the scope of their official duties." *Miller v. Harris*, 599 Fed. App'x 1 (D.C. Cir. 2015) (per curiam) (citing *Sindram v. Suda*, 986 F.2d 1459 (D.C. Cir. 1993) (per curiam)); *see Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (actions consisting of the denial of a petition for a writ of certiorari and the Deputy Clerk's refusal to file documents concerning a subsequent petition "are quintessentially 'judicial' in nature because they are 'an integral part of the judicial process'") (quoting *Sindram*, 986 F.2d at 1460-61)).

Plaintiff's vague allegations suggest nothing more than Defendant performing his official duties. Therefore, this case will be dismissed with prejudice by separate order. *See Fletcher v. Harris*, 790 Fed. App'x 220 (D.C. Cir. 2020) (affirming dismissal with prejudice of claim against the Clerk of the Supreme Court); *see also Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (emphasis omitted)).

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: February 24, 2023